WELCH v. HORTON ET AL.

1. **Lease:** ASSIGNMENT: CONSTRUCTION: INSTALLMENTS OF RENT: PAROL TO VARY.   By the lease in question the property was rented for the term of two years "at the term rental of $4,760, estimated at $2,380 a year, to be paid as follows: For the first year, the sum of $1,800 in monthly installments of $150 each, payable on the first day of each month; for the second year, the sum of $2,960 in monthly installments of $246.66 each, payable monthly on the first day of each month." *Held* that the rent for the first year was only $1,800, or $150 per month, and not $2,-380, or $198.33 per month, and that one who took an assignment of the lease during the second year, and collected $246.66 per month for the unexpired term, simply collected the rent which accrued after the assignment, as he had a right to do, and that neither he nor the lessee was liable to the assignor for the difference between $246.66 and $198.33 per month, on the ground that so much of each monthly payment made to the assignee was for rent which had accrued during the first year; also, that the terms of the lease, as thus construed, could not be contradicted or varied by parol evidence as to what the parties understood.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 27.

THE plaintiff seeks by this action to recover of the defendants the sum of about $300, which he alleges to be due him as rent for a building, known us the "Capital Hotel," in the city of Des Moines. There was a trial by the court without a jury, and a judgment for the defendants. Plaintiff appeals.

*Baker, Bishop & Haskins,* for appellant.

*Pickering & Hartley,* for H. T. Horton.

*John A. McCall,* for A. T. McCarger.

ROTHROCK, J. — The building for which the rent is claimed was formerly owned by W. W. Witmer. On the 11th day of June, 1883, he leased the same to the defendant McCarger for the period of two years. That part of the lease which fixed the rental to be paid by McCarger was as follows: "All for the term of two years from and after the 11th day of June, 1883, at the term rental of $4,760, estimated at $2,380 a year, to be paid as follows: For the first year, the sum of $1,800, in monthly installments of $150 each, payable on the first day of each month; for the second year, the sum of $2,960, in monthly installments of $246.66 each, payable monthly on the first day of each month."

*1. LEASE: assignment: construction: installments of rent: parol to vary.*

On the 1st day of November, 1883, Witmer sold the hotel and assigned the said lease to the plaintiff, and after that McCarger recognized the plaintiff as his landlord, and paid him rent for the premises.

On the 30th day of August, 1884, the plaintiff and the defendant Horton entered into a written contract by which it was agreed that the plaintiff would convey the hotel property to Horton for certain lands. This contract was as follows: " W. H. Welch and H. T. Horton agree to exchange property

as follows: Welch agrees to convey to Horton the Capital Hotel property, consisting of five fronts, of which he is owner in fee simple, situated on East Second street, Des Moines, Iowa, and a lease and option to purchase the other front, owned by S. Hedges, and the paid-up insurance policies on said property. Said conveyance shall be by warranty deed, and an abstract showing perfect title shall be furnished. Welch agrees to assign all leases to tenants, and right and authority to collect rents that will accrue from and after October 1, 1884. Said Horton shall assume a mortgage against said property for $7,400. Said Horton agrees to convey the following lands * * * by warranty deed." Dated August 30, 1884. Afterwards the hotel was conveyed to Horton in pursuance of the above written contract. McCarger settled with Horton, and paid him in full for all rent which accrued after October 15, 1884.

The plaintiff claims that he is entitled to receive from one or both of the defendants the sum of $48.33 per month for six and one-third months of the first year of the lease, upon the ground that McCarger had not paid that amount when plaintiff sold the property to Horton. The defendants claim that the rent now claimed by the plaintiff did not accrue during the time that plaintiff was the owner of the property, and that it passed by the sale and assignment of the lease to Horton. The claim of the plaintiff is based upon what he alleges is the proper construction of the lease from Witmer to McCarger, and upon certain acts and declarations of the parties as to the meaning of the lease, and upon an alleged written assignment of the lease made by plaintiff to the defendant Horton on the 27th day of September, 1884.

So far as the claim founded on the assignment made on the 27th day of September, 1884, is concerned, it is sufficient to say that the court was fully warranted in finding from the evidence that the same never was accepted by Horton, but was repudiated by him as not being in accord with the contract of exchange made between the parties on the 30th day

of August, 1884. We need not set out the evidence on this point in this opinion. It is sufficient to say that we are content with the finding of the court upon this question. And we may say that the court must have found that the assignment was never assented to by Horton, because, if it was accepted by him as correct, judgment would have been entered for the plaintiff, because it reserved the rent as now claimed by the plaintiff.

We are therefore to determine whether any of the rent now claimed was reserved by the contract exchanging the hotel for the land. This contract conferred upon Horton the right " to collect rents that will accrue from and after October 1, 1884." This surely must mean such rents as may become due or collectible after the time named. We cannot conceive that the contract can bear any other reasonable construction. It is plain, certain, and unambiguous. It leaves all rents which accrued prior to that time to be collected by the plaintiff, and all after that to be collected by Horton. There is no room for parol evidence to aid in the construction of this contract.

But the plaintiff claims that, under the terms of the original lease, the rent claimed accrued during the first year of the lease, but was not payable until during the second year. The claim, as made by plaintiff's counsel in argument, is as follows: "It is claimed by the plaintiff that, at the time the lease (Exhibit 'A') was executed, it was understood and agreed between Witmer and the defendant McCarger that the rent of said premises was the sum of $2,380 per year, or the sum of $198.32 per month; and that it was so intended by them to be expressed in the lease by the use of the language therein, ' at the term rental of $4,160, *estimated at* $2,380 *per year.*' That to enable McCarger, who was about to embark in the hotel business, to get started, only $1,800 of the rents should be payable in the first year, and the remainder, $2,960, should be paid in the second year. It is also claimed that, when Witmer sold to Welch, the meaning of the words, ' estimated at $2,380 a

year,' as used in the lease, was explained to Welch to mean that such sum was the rent for each year of the term, and that what followed in the lease after the words ' to be paid as follows' only related *to the time of payment*, and that from and after the beginning of the second year each monthly payment of $246.66 would be a payment of that month's rent, or $198.33, and also a payment of a sum of $48.33 due for the corresponding month of the previous year, the payment of which, by the terms of the lease, was deferred to that time. Witmer sold to Welch, January 1, 1884; and it is claimed, so interpreting and understanding the terms of the lease, Welch paid over to Witmer, of each month's rent collected after June 11, 1884, the sum of $48.33. It is also claimed by plaintiff that, when he sold to defendant Horton, the same interpretation and construction was put upon the language used in the lease, each understanding it in the same way, and that the contract of August 30, 1884, was not intended to interfere with such construction; in other words, that the rent to accrue after October 1, 1884, was the sum of $198.33 per month, and that the right to the sum of $48.33, to be paid by McCarger each month as rent due for the first year, did not enter into that contract, and was not affected thereby." We think the circuit court was correct in holding, as it did, that the original contract of lease would not bear the construction claimed for it by the plaintiff. The instrument is inartificially drawn, but, omitting all unnecessary and surplus words, it plainly provides that McCarger should pay $150 per month for the first year, and $246.66 per month for the second year. This was the obligation which he undertook, and by paying $150 per month for the first year he was not in arrears for rent, and did not owe his landlord anything at any time so long as he paid the rent monthly as it became due. The idea that the rent was the same for both years finds no support in the lease, when all of its provisions as to amounts and times of payment are considered.

As to the parol evidence of the construction put upon the

lease by the original parties to it, and by the plaintiff in his negotiations with Witmer, it is sufficient to say that, if it were conceded that such evidence were competent, (a point which we need not determine,) it is very plain that the defendant Horton cannot be bound by the acts of these parties to the contract of exchange made on the 30th day of August, 1884, and that contract fixed his right to the rent which accrued before October 1, 1884, and it cannot be contradicted or varied by parol evidence.

We find no error in rulings upon the admission or exclusion of evidence, and the judgment is · AFFIRMED.