## JOHN HUTCHISON MANUFACTURING CO. *v.* PINCH.

WRITTEN CONTRACT—PAROL EVIDENCE.

Where a writing does not embody all of the terms of a contract between the parties, an additional agreement may be shown by parol. This rule, however, does not admit of contradicting the terms of so much of the agreement as is reduced to writing.

Accordingly, where an order for the purchase of mill machinery provided merely that it was to be paid for " when the mill was fixed and gave good results," it was *held* that parol evidence was admissible to show an agreement by the seller to set up the machinery and repair the mill within a specified time, but not to show a representation by him that such machinery would require no more power for its operation than machinery then in use by the buyer.

### ON REHEARING.

1. APPEAL—OBJECTIONS NOT RAISED BELOW.

Objections raised for the first time in the Supreme Court will not be considered.

2. SAME—OBJECTIONS TO TESTIMONY.

Where testimony is admissible for any purpose, a general objection that it is irrelevant, incompetent. and immaterial is insufficient to raise the question that it is inadmissible because it tends to vary the terms of a wri.ten contract.

Error to Eaton; Smith, J. Submitted October 11, 1895; original opinion, for reversal, October 22, 1895. Rehearing granted December 24, 1895; final opinion, vacating former order, February 26, 1896.

*Assumpsit* by the John Hutchison Manufacturing Company against Benjamin W. Pinch for machinery and repairs furnished for defendant's mill. From a judgment for defendant, plaintiff brings error. Affirmed.

*John M. Corbin,* for appellant.

*Garry C. Fox (James M. Powers,* of counsel on rehearing), for appellee.

Montgomery, J.   This case comes before the court for review a second time.   The main facts of the case are reported in the opinion found in 91 Mich. 156.   Before the last trial, defendant amended his notice attached to the plea, setting up as a defense that at the time of the contract the plaintiff agreed that the machines which were to be used would not require any more power than it required to run the machinery then in the mill.   Defendant's testimony upon this subject was that, upon January 11, 1890, Mr. Hutchison and Mr. Crandall, a millwright employed by plaintiff, were, in company with Mr. Horn, defendant's miller, examining the mill for the purpose of seeing what machinery was required.   During the examination, Mr. Horn said to Mr. Hutchison and Mr. Crandall:

"It seems to me you are going to put in a good deal of machinery here.   We have got all the machinery our power will carry, and, if you are going to add any machinery that will take more power, we have got to make some other arrangements."

Mr. Hutchison then said that the machinery they were going to put in would run a great deal lighter than the old machinery, and that it would run with less power than was then required.   After this conversation, the defendant subscribed the following order:

"Olivet, Mich., January 11, 1890.
"John Hutchison,
            "Jackson, Mich.
"*Dear Sir:*  Please ship me one No. 2 round flour-dressing reel; two No. 2 round flour-dressing reels for a Smith centrifugal reel; one No. 2 round grading reel, twelve silk chest, over all 13, shaft to be 14 x 2 3-16; two boxes for same, 2 3-16; one No. 2 aspirator; one No. 1 round rolling screen with fan; one No. 3 dustless screening separator;—f. o. b. cars, Jackson, $575.   I agree to settle for the above when the mill is fixed and gives good results.   Part cash and part time.

                                    "B. W. Pinch."

Plaintiff contended that the testimony above given was inadmissible, as it tended to vary the terms of the written order; but the court overruled the objection to the testimony, and permitted defendant to recover damages for a breach of the alleged agreement. It is contended by defendant's counsel that the case falls within the line of decisions holding that parol testimony may be admitted when there is a writing between the parties which does not embody all the terms of the contract. It is the accepted rule that, in such case, an additional agreement may be shown, and the rule was properly applied in the present case in admitting testimony to the effect that plaintiff agreed to furnish millwrights to put the mill in order within 10 days from the time the repairs were commenced; but this rule does not admit of contradicting the terms of so much of the agreement as is reduced to writing. In the present case, the order is not silent as to the requirements of this machinery. The machinery is to be paid for "when the mill is fixed and gives good results." This much the parties reduced to writing, and parol testimony of any agreement adding to this requirement, which is fixed in the agreement, is necessarily contradictory of the written instrument. *McCray Refrigerator, etc., Co.* v. *Woods,* 99 Mich. 269; *Nichols, Shepard & Co.* v. *Crandall,* 77 Mich. 401; *Rumely & Co.* v. *Emmons,* 85 Mich. 511; *Seitz* v. *Machine Co.,* 141 U. S. 510; *Cohen* v. *Jackoboice,* 101 Mich. 409. While the warranty is somewhat vague, we think it is equally an invasion of the rule to permit parol testimony to show that it was in fact more definite. *Stange* v. *Wilson,* 17 Mich. 342; *Harrow Spring Co.* v. *Whipple Harrow Co.,* 90 Mich. 150.

The judgment will be reversed, and a new trial ordered.

McGRATH, C. J., and GRANT, J., concurred. LONG and HOOKER, JJ., did not sit.

ON REHEARING.

Montgomery, J.   An opinion was handed down at the last term of court reversing the judgment below, and directing a new trial. *Ante*, 12. On application, we granted a rehearing, for the reason that the fact that no exception was taken to the ruling admitting the testimony, which we held to be incompetent, escaped the attention of the court. Plaintiff's counsel contends, however, that other evidence was received, subject to objections and exceptions, which raised the same question. This evidence was of this character: Defendant offered proof to show that the mill required more power than it did before the repairs were made. Upon a careful scrutiny of the record and of the objections urged, we are impressed with the view that the question discussed in the former opinion was not presented by the objections referred to. It is clear that the question was not considered by the circuit judge, and that the objections were not sufficiently specific to inform him that the plaintiff sought to make the contention that the written contract between the parties embraced the other agreement in such sense that the testimony referred to in the former opinion, or the testimony as to the requirement of increased power, should not be admitted for that reason. This view is strengthened by the consideration that the testimony showing that the increased power was made necessary by the changes in the mill would have some bearing on the question of whether the work answered to the warranty that the mill should give good results. As this testimony was objected to generally as irrelevant, incompetent, and immaterial, we think the defendant was not apprised of the precise nature of the plaintiff's objection, if, indeed, the counsel who then tried the case had in mind the point subsequently pressed; nor do we think the point one which, on the objection made to this testimony, would be likely to suggest itself to the court. The point was not suggested by any request to charge,

but the plaintiff's first request, relating to the claim of damages because of the mill requiring increased power, is based upon another distinct claim, namely, that defendant had accepted performance of plaintiff's contract, so as to preclude him from raising the question.

Counsel for the plaintiff has discussed other questions, and those presented by his original brief have been considered. We think the amendment of the notice under the general issue was warranted, and that the proofs as to the increased amount of power being made necessary by the repairs were not objectionable upon any ground urged before the circuit judge, and that the case was fairly submitted upon the issue as the plaintiff sought to put it before the jury.

The judgment will be affirmed.

Long, C. J., Grant and Moore, JJ., concurred. Hooker, J., did not sit.