## Castleman-Blakemore Company v. Pickrell & Craig Company.

(Decided March 26, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, No. 3).

1. Contracts—Parol Evidence.—The rule that where the agreement between the parties is one and entire and only a part thereof has been reduced to writing the residue may be proved by parol evidence is restricted in its application to cases in which the writing only purports to express a part of the contract, or is expressed in such short and incomplete terms as to render parol evidence necessary to explain what is per se unintelligible, and the proposed evidence is not inconsistent with the terms of the writing.

2. Contracts—Parol Evidence—Admissibility.—Where a contract for the sale of a warehouse describes the property, fixes the purchase price and its manner of payment, provides that all improvements, together with the switching privileges, should go with

the property, and that the vendor should have the privilege of removing all machinery equipment and furnishings, then in the building and contains further stipulations with reference to the payment of taxes, the assignment of fire insurance and the time possession is to be given, and thus shows on its face that it is full and complete in every particular, parol evidence that the vendor agreed to appoint the purchaser his exclusive selling agent and to give him storage at the rate of $2,500.00 a year until the revenues from the storage and commissions should amount to the purchase price of the building is not admissible in the absence of a plea of fraud or mistake.

3. Contracts—Parol Evidence—Consideration.—Where a contract is valid and complete in itself, parol evidence of other terms is not admissible under the guise of showing consideration.

4. Pleading—Issues and Proof—Contract—Parol Evidence.—Where a writing relied on is not pleaded in any form but appears for the first time when introduced in evidence, the opposing party may show that the oral contract on which he sued was omitted from the writing by fraud or mistake.

5. Trial—Instructions.—Though a party may show that an oral agreement was omitted from the written contract by fraud or mistake without a pleading to that effect, where the written contract is not pleaded by the opposing party but appears for the first time in evidence, no recovery can be had contrary to the contract except for fraud' or mistake, and an instruction which does not submit to the jury the issue of fraud or mistake is erroneous.

6. Reformation of Instruments—Contracts—Enforcement—Damages —Statute of Frauds.—A written contract may be reformed and specifically enforced or damages awarded for its breach as reformed, and this is true though that part of the agreement which it is claimed was omitted from the contract by fraud or mistake is within the Statute of Frauds.

7. Pleading and Practice.—Where a party seeks damages for the breach of an oral contract, which it is claimed is omitted from the written contract by fraud or mistake, the proper practice is to seek a reformation of the contract for fraud or mistake and then ask damages for its breach as reformed, all of which may be done in the same action.

PRYOR & CASTLEMAN for appellant.

DUFFIN, SAPINSKY and DUFFIN for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

Plaintiff, Pickrell & Craig Company, a corporation, brought this action against defendant, Castleman-Blakemore Company, another corporation, to recover damages

for breach of contract. From a verdict and judgment in favor of plaintiff for $4,157.33 defendant appeals.

Plaintiff conducts a general merchandise brokerage business in the city of Louisville. Defendant is engaged in the manufacture of preserves, condiments, vinegar, molasses, etc. Defendant conducted its molasses department in a warehouse located at 129 North Second Street, which property it had purchased from the old firm of Torbitt & Castleman for $54,000.00. In the fall of 1910 defendant proposed to sell to Pickrell & Craig the Second Street storage warehouse. It was the intention of the defendant to vacate the building and move its molasses department to its main factory at Eleventh and Magnolia Streets. As part of the purchase plan Pickrell & Craig organized a new corporation known as Pickrell & Craig Company, with a capital stock of $75,-000.00. The negotiations finally resulted in the sale of the storage warehouse for the sum of $54,000.00. After several meetings the following contract was drawn up and signed by the parties:

"Louisville, Ky., Dec. 23, 1910.

"Jones Bros., Castleman & Blakemore, City.

"Gentlemen:—The Board of Directors of this company has authorized the purchase of the following property upon the terms hereinafter set out:

"No. 1. Lot on Second Street between Washington and Water, being 48½x190 ft., immediately adjoining on the north the office building of Belknap & Co.

"No. 2. Immediately in the rear of lot No. 1, and being 24x90 ft., bounded on the east by Sneads Street and on the west by an alley.

"Lot 3. Lot 48x190 ft. fronting on Second Street and immediately adjoining on the north lot No. 1, and extending to the property of the Illinois Glass Company.

"All of said property being that purchased by you from Torbitt & Castleman and to include all improvements thereon together with switching privileges and other appurtenances pertaining to the ownership of the same. You shall have the privilege of removing all machinery equipment and furnishings now in the buildings. You shall leave the same in good tenantable condition for storage purposes.

"For this property we will pay $54,000.00 for a merchantable title and warranty deed, said payment to be $20,000.00 in cash and the balance in our promissory note

due in 4 months for $4,000.00 and the assumption by us of notes for $30,000.00 secured by a lien on the above property.

"We will further assume the payment of 1911 city, State and county taxes.

"It is a further condition of this proposition that you assign to this company any fire insurance now in force upon the above property free of any cost to this company.

"You shall surrender possession of buildings not later than May 1st, 1911, and as much sooner as you can and you shall pay rent at the rate of $350.00 per month for the time the same is occupied by you.

"Pickrell & Craig Co., Inc.

"Otis W. Pickrell, Pres.

"E. K. Tuley, Asst. Sec.

"Accepted—·

"Jones Bros., Castleman & Blakemore.

"By G. C. Jones, Prest.

M. Blakemore, Secy."

On the same day that the contract was signed the boards of directors of the two corporations met and approved and ratified the contract, which the minutes of the meeting of both boards show was set out in full. At the same time defendant agreed to subscribe for $10,000.00 worth of plaintiff's stock, and the minutes of each board show that this stipulation was agreed to. Shortly thereafter defendant conveyed the warehouse to plaintiff. On November 18th, 1913, defendant wrote and demanded of plaintiff the payment of dividends on the stock for which defendant had subscribed. Plaintiff refused payment on the ground that it had a counterclaim against defendant for a much larger sum.

On November 24th, 1913, plaintiff brought this action to recover damages in the sum of $25,000.00. The basis of the action, as set out in the original petition, is that defendant agreed to appoint plaintiff its exclusive selling agent in Louisville and vicinity and also agreed to give plaintiff storage amounting to $2,500.00 a year. Defendant filed an answer denying that any such contract was made. Subsequently plaintiff amended its petition and alleged, in substance, that the warehouse was purchased from defendant for $54,000.00 with the express agreement and understanding that defendant would employ plaintiff to act as its exclusive selling agent for

Louisville and the vicinity and would place storage with the plaintiff at the rate of $2,500.00 a year until the revenues from such agency and storage would amount to $54,000.00. Defendant's objection to the filing of the amended petition was overruled and an order was then entered controverting of record the allegations of the amended petition.

Briefly stated, the evidence for plaintiff tends to show that several conversations were had with reference to the purchase of the storage warehouse. The purchase was a big undertaking for plaintiff and, in order to induce the purchase, and as a part of the contract, defendant agreed to take $10,000.00 worth of stock in the new company to be formed, and also agreed to appoint plaintiff its exclusive selling agent in Louisville and the vicinity, and further guaranteed that its storage account on goods placed in the warehouse by it would amount to $2,500.00 a year. It was also stipulated that plaintiff was to receive the usual and customary commissions and that the arrangement should continue until the sum of $54,000.00 was realized from storage and commission. It was suggested by the attorney who drew the papers that there was no necessity for putting this part of the contract in writing. On the other hand, the evidence for defendant is that no such contract was made. Defendant had its own storage plant and its own agents. During the negotiations there was some informal talk to the effect that if defendant had any extra goods which could be placed in plaintiff's warehouse or plaintiff had any goods which defendant might want to purchase, they could operate to each other's advantage, but no formal contract to this effect was entered into by the parties. As a matter of fact, defendant did place certain small storage accounts with plaintiff.

The written contract above set forth was not pleaded by either party. It appeared for the first time on the cross-examination of plaintiff's witnesses.

Instruction No. 1 given by the court is as follows:

"1. If the jury shall believe from the evidence that in December, 1910, the plaintiff and defendant companies entered into an oral contract, and part only of which contract was reduced to writing, under which the defendant appointed the plaintiff its exclusive selling agent for merchandise manufactured by the defendant, in

Louisville and tributary points, and further agreed and bound itself that it would store all of its merchandise in Jefferson County in the warehouse purchased by the plaintiff from the defendant and that the plaintiff should have the right to continue to act as said exclusive selling agent and warehouseman for the defendant until such period of time as the revenue arising from said selling agency and said storage account on goods stored by the defendant with the plaintiff would amount to a sum equal to $54,000, then the law is for the plaintiff, and the jury should so find."

Instruction No. 2 is the converse of No. 1. Instruction No. 3 relates solely to the measure of damages.

The defendant offered an instruction bearing on the question of whether the contract was one that could be performed within one year. This instruction was refused.

The first question presented relates to the admissibility of the parol evidence in reference to the storage account and the appointment of plaintiff as defendant's exclusive agent. The rule that where the agreement between the parties is one and entire and only a part thereof is reduced to writing, the residue may be proved by parol evidence is generally recognized. Blackerby v. Continental Insurance Co., 83 Ky., 574; Louisville Banking Company v. Leonard, 90 Ky., 106. This rule, however, is not without qualification. It is restricted in its application to cases in which the writing only purports to express part of the contract, or is expressed in such short and incomplete terms as to render parol evidence necessary to explain what is *per se* unintelligible, and the proposed evidence is not inconsistent with the terms of the writing. McKegney, &c. v. Wedekind & Company, 6 Bush, 107; Shell v. Asher, 31 Ky. Law Rep., 566, 102 S. W., 879; Elliott on Contracts, Sec. 1632; Jeffery v. Walton, 1 Stark, 213; West v. Kelly, 19 Ala., 353, 54 Am. Dec., 192; Fawkner v. Lew Smith Wall Paper Co., 88 Iowa, 169, 55 N. W., 200, 45 Am. St., 230; Blair v. Buttolph, 72 Iowa, 31, 33 N. W., 349; Hutchinson Mfg. Co. v. Pinch, 107 Mich., 12, 64 N. W., 729, 66 N. W., 340; Thomas v. Scutt, 127 N. Y., 133, 27 N. E., 961.

In the last named case the Court of Appeals of New York said:

"Two things, however, are essential to bring a case within this class: (1) The writing must not appear, upon inspection, to be a complete contract, embracing all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract. (2) The parol evidence must be consistent with, and not contradictory of, the written instrument. The question as to whether the writing is the complete contract of the parties is usually determined from the writing itself, but it may, we think, at least in case of ambiguity and doubtful completeness, be read in the light of surrounding circumstances, and if, when so read, it is apparent that it does not embody their entire contract, parol evidence is admissible, in a proper case, to bring the entire contract before the court."

In the case of McKegney, &c. v. Wedekind & Company, *supra,* plaintiff sued on a note for $170.00, which stated on its face that it was given for one brown mule. Defendant filed an answer and counter-claim without any averment of fraud or mistake, wherein he pleaded that the note expressed only a part of the contract, and that under the entire contract plaintiff agreed to furnish him 500 bushels of corn at the price of 50 cents per bushel. In holding the answer and counter-claim insufficient the court said:

"The contract set forth by the answer being contemporaneous with the note and not in writing, the essential question to be determined is whether it was competent to set it up for the purpose of enlarging the terms and altering the import of the contract as expressed by the note, without alleging or proving that the failure of the parties to express their whole agreement in the written memorial was the result of either fraud or mistake.

"There can be no doubt of the correctness of the general principle as laid down in 2 Parsons on Contracts, page 553, that 'where the agreement between the parties is one and entire, and only a part of this is reduced to writing, it would seem that the residue may be proved by extrinsic evidence.' But this rule is, we think, restricted in its application to cases in which the writing only purports to express a part of the contract, or is expressed in such short and incomplete terms as to render

parol evidence necessary to explain what is *per se* unintelligible. (1 Greenleaf on Evidence, Sec. 282.) And in 1 Greenleaf, *supra,* Section 275, it is said, as we think, in accordance with the current adjudication on the subject, that 'where parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing.' This principle has been substantially recognized by this court in several cases, particularly the case of Wright v. Shelby Railroad Company, 16 B. Mon., 6.

"In this case the note of the appellants purports to express the entire contract of the parties, and is not in its terms ambiguous or uncertain; and as it is inconsistent with the parol contract set up in the answer, it seems to us that the answer and counter-claim did not present a sufficient defense to the action."

The same rule was applied in the case of Shell v. Asher, *supra,* and the above doctrine quoted with approval.

Under the written contract offered in evidence defendant sold a particular warehouse to the purchaser for the price of $54,000.00. The contract describes accurately the three adjoining lots intended to be conveyed. It clearly provides that all improvements, together with the switching privileges, should go with the property. It also provides that defendant should have the privilege of removing all machinery equipment and furnishings then in the buildings. The consideration is fixed at $54,000.00, of which $20,000.00 was payable in cash, $4,000.00 in four months, and the balance of $30,-000.00 secured by lien on the property which the purchaser agreed to assume. Not only so, but the contract goes further and provides for the payment of all taxes for the year 1911 by the purchaser. The contract contains additional provisions in regard to the assignment of fire insurance and the time possession was to be given. Thus it will be seen that the contract not only does not appear to be incomplete, ambiguous or unintelligible on its face, but appears to be full and complete in every particular. Notwithstanding this fact, it is sought to show by parol evidence that defendant not only agreed to sell the warehouse for $54,000.00, which is admitted

to be the reasonable value thereof, but also agreed, for the same consideration, to store goods with the plaintiff and to appoint plaintiff its exclusive selling agent until the storage and commissions should amount to the entire purchase price. The effect of the parol evidence is to materially vary the terms of the written contract by adding thereto an engagement of a most important and unusual character. The contract being complete and unambiguous on its face, and the parol evidence being inconsistent with its terms, such evidence, in the absence of a plea of fraud or mistake, is not admissible on the ground relied on. It will not do to say that the evidence is admissible on the ground that the oral undertaking of defendant was a part of the consideration. The rule that oral evidence is admissible to vary the consideration, stated in a written contract, should not be extended to include every motive that prompts the making of a contract. Here the alleged undertaking on the part of the defendant, though related in a way to the consideration, was purely contractual in its character and cannot be regarded as a part of the consideration within the meaning of the rule relied on. Where a contract is valid and complete in itself parol evidence of other terms should not be permitted under the mere guise of showing consideration. Harrison v. McCormick, 89 Cal., 327, 26 Pac., 830, 23 Am. St. Rep., 469; Galpin v. Atwater, 29 Conn., 93; White v. Boyce, 21 Fed., 228; McClure v. Jeffrey, 8 Ind., 79; Pickett v. Green, 120 Ind., 584, 22 N. E., 737; Welch v. Horton, 73 Iowa, 250, 34 N. W., 840; Shepherd v. Gilroy, 46 Iowa, 193; Willard v. Ostrander, 46 Kans., 591; 26 Pac., 1017; National Cash Register Co. v. Blumenthal, 85 Mich., 464, 48 N. W., 622; Berthold v. Fox, 13 Minn., 501, 97 Am. Dec., 243; Lear v. Durgin, 64 N. H., 618, 15 Atl., 128; Durgin v. Ireland, 14 N. Y., 322; Howard v. Thomas, 12 Ohio St., 201; Conant v. Nat. State Bank, 121 Ind., 323, 22 N. E., 250, quoted with approval in Western Paving & Supply Co. v. Citizens' St. R. Co., 128 Ind., 525, 26 N. E., 188, 28 N. E., 88, 10 L. R. A., 770, 25 Am. St., 462.

The parol evidence, however, was admissible on another ground. Plaintiff did not plead the contract in question, nor did defendant set it up by way of defense. It is the rule in this State that where a written contract is not pleaded, but appears for the first time in the evidence, the opposing party may introduce evidence show-

ing fraud or mistake without being required to plead them. Puff v. Puff, 139 Ky., 351; Martin v. Ferguson, 31 Ky. Law Rep., 590, 103 S. W., 257, 31 Ky. Law Rep., 1095, 104 S. W., 698.

The difficulty in the case, however, arises, not from the fact that such evidence was admitted, but from the fact that the issue of fraud or mistake was not submitted to the jury. The court either assumed that, as the contract was entire and only a part thereof was reduced to writing, no question of fraud or mistake was involved, or followed the instructions given in Puff v. Puff, *supra*. But, as before pointed out, the written contract is both complete and intelligible on its face, and the parol evidence being inconsistent therewith, fraud or mistake is the only ground on which a finding contrary to the contract can be properly based, and this rule applies whether the contract be pleaded or merely offered in evidence. Doyle v. Offut & Blackburn, 135 Ky., 296.

Puff v. Puff, *supra*, is not authority for an instruction like that given by the trial court. In that case this court declined to approve the instructions, but affirmed the judgment on the ground that plaintiff was entitled to a peremptory instruction. As the instruction given by the trial court authorized a recovery by plaintiff, regardless of the question of fraud or mistake, it follows that the instruction did not correctly present the law of the case.

We deem it unnecessary to pass on the question whether or not the oral agreement relied on is one not to be performed within one year from the making thereof, and, therefore, within the statute of frauds. A written contract may be reformed and specifically enforced or damages awarded for its breach as reformed (Logan v. Langdon, 145 Ky., 601; West, et al. v. Suda, 69 Conn., 60, 36 Atl., 1015), and this is true, though that part of the agreement which it is claimed was omitted from the contract by fraud or mistake is within the statute of frauds. William McMee v. M. L. Henry (decided March 23rd, 1915), 163 Ky., 729; Pomeroy's Equity Jurisprudence, page 870; Worley v. Tuggle, 4 Bush, 168; Noel's Ex. v. Gill, 84 Ky., 249. The proper practice in a case of this kind is to seek a reformation of the contract for fraud or mistake and then ask damages for its breach as reformed, all of which may be done in the same action. Plaintiff's case depends on

whether or not the oral agreement relied on was omitted from the written contract by fraud or mistake. If it was, the question of the statute of frauds is eliminated and plaintiff may recover; if not omitted from the contract by fraud or mistake, then there can be no recovery under any circumstances and the question of the statute of frauds is also eliminated. On the return of the case both parties will be permitted to amend their pleadings.

Judgment reversed and cause remanded for proceedings consistent with this opinion.