## Louisville Trust Company v. Bayer Steam Soot Blower Company.

(Decided November 17, 1915.)

### Appeal from Jefferson Circuit Court.

1. Sales—Machinery—Contract Providing for Trial by Purchaser—Right to Rely on Tests Made by Others.—Where a contract for the sale of machinery gives to the purchaser the privilege of trying the machinery for a period of six months, and of then returning it if not satisfactory, the purchaser must act in good faith and make the trial himself and cannot defeat a recovery of the purchase price by pleading that others similarly situated had tested the machinery and found it unsatisfactory.

2. Pleading—Fraud or Mistake—Demurrer.—An answer pleading a collateral parol agreement varying the terms of a written contract, without alleging that the agreement relied on was omitted therefrom by fraud or mistake, is bad on demurrer.

3. Pleading—Consideration.—Where, under a contract for the sale of machinery the rights of the seller have accrued, a subsequent promise to send a man to install machinery was without consideration; and a pleading that merely alleges concurrent promises on the part of the seller and purchaser, without alleging that one is in consideration of the other, is bad on demurrer.

4. Corporations—Sales Through Agents — Interstate Commerce—Foreign Corporations—Regulations—Section 571 Kentucky Stat-

utes.—Section 571, Kentucky Statutes. prohibiting a foreign corporation from engaging in business in Kentucky without giving the location of its office within the State, and the name of its officer or agent on whom process might be served, is inoperative as to foreign corporations engaged purely in interstate commerce and does not prevent a recovery on contracts growing out of interstate transactions.

WEHLE & WEHLE for appellant.

GRUBBS & GRUBBS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

Plaintiff, Bayer Steam Soot Blower Company, a Missouri corporation, brought this action against the Louisville Trust Company to recover $330.00, the price of two soot blowers, which it furnished defendant for use in its office building. Judgment was rendered on the pleadings in favor of plaintiff and the defendant asks that an appeal be granted.

The contract between the parties was entered into on August 1st, 1913. The contract provided, in substance, that the Louisville Trust Company was to have the privilege of trying the blowers for a period of six months, dating from the date of receipt of the blowers, and, if at the end of that time it was not satisfied and did not desire to retain the blowers, they would be removed by plaintiff at its expense. The contract also provided that if the blowers did not prove satisfactory, the Trust Company was to notify plaintiff to that effect in writing within ten days after the expiration of the trial period; otherwise the purchase price was to become due and payable six months from the date of the receipt of the blowers.

The petition was filed on August 17th, 1914. After setting out the contract between the parties, it states that the two blower systems were delivered to defendant in the month of August, 1913, and although defendant had had ample opportunity after receiving the machinery to give the system a fair trial, it had never given the system any trial whatever, but had retained the machinery in its possession ever since its delivery. Defendant answered in three paragraphs.

By the first paragraph it pleaded, in substance, that it failed to make a trial of the blower system because it

had ascertained that the system had been tried by other corporations in the city of Louisville having a similar boiler pressure to that of defendant's plant, and that the soot blowers were found unsatisfactory and had to be removed and returned to St. Louis; that to install the system would have entailed an expense of from $150 to $160.00, which, in view of the experience of other concerns having a similar boiler pressure to that of plaintiff, would have been a useless waste; that, for this reason, defendant failed to make the connections and give the machinery a trial and considered and treated the blowers in good faith as unsatisfactory to itself and offered to return same to plaintiff.

By paragraph 2 defendant pleaded that at the time the contract was made, plaintiff, by its authorized agent, entered into a collateral agreement, by which plaintiff contracted to send a competent person to make the necessary connections for the machinery, and the plaintiff failed to send a man for that purpose, although defendant notified plaintiff that it was ready to make the connections and that a man be sent.

By paragraph 3 defendant pleaded that plaintiff was a corporation organized under the laws of the State of Missouri and was not a foreign insurance company, and was engaged in doing business in this State, and at the time of the execution of the contract sued on, it had not complied with section 571 of the Kentucky Statutes, requiring every corporation but foreign insurance companies carrying on business in this State, to file in the office of the Secretary of State a statement signed by its president or secretary, giving the location of its offices in the State of Kentucky and the name or names of its agents thereat upon whom process might be served, and making it unlawful for such corporation to do business in this State until such statement has been filed; and that the contract sued on was null and void.

Plaintiff's demurrer to the first and second paragraphs of the answer was sustained, but overruled as to the third paragraph. Subsequently, defendant filed an amended and supplemental answer, pleading, in substance, that since the filing of its original answer defendant had offered to have the connections made, provided plaintiff would send a competent man to help defendant make such connections, and, if such agent should succeed in making the connections, defendant would keep

the system and pay the purchase price therefor and waive the defenses made in its answer. The plaintiff agreed to have a competent man come to Louisville to make the connection, and, relying upon this promise, defendant expended $48, but plaintiff failed to comply with its agreement. The pleading concludes with a prayer to the effect that the petition be dismissed and that defendant recover on its counter-claim the sum of $48. To the amended and supplemental answer plaintiff interposed a demurrer, which was sustained. To the third paragraph of defendant's original answer plaintiff filed a reply, denying that plaintiff carried on business in the State of Kentucky and pleading affirmatively that plaintiff was a Missouri corporation engaged in interstate commerce; that its method of doing business was through traveling agents sent into the State of Kentucky and other States to solicit orders for the blowers system on a commission basis; that these orders were submitted to plaintiff for its approval in St. Louis, and, when accepted by plaintiff, the orders were filled by shipping the blowers to the purchaser; that it had never had any office, factory or place of business in the State of Kentucky, and that the orders for the two blowers purchased by defendant were obtained by its traveling salesman and were approved by plaintiff at its office in Missouri. It further pleads that section 571 of the Kentucky Statutes has no application to the business done by plaintiff, but that if it does it is in violation of the commerce clause of the Federal Constitution. Defendant's demurrer to the reply was overruled and, having declined to plead further, judgment was rendered in favor of plaintiff.

The first question presented is the propriety of the trial court's action in sustaining the demurrer to the first paragraph of defendant's answer. This is not a case where the article sold was, without qualification, to be satisfactory to the purchaser. It is unnecessary, therefore, to determine whether the case is one where the purchaser must act reasonably. To determine the question of satisfaction the contract plainly provides for a trial by the purchaser. The case is one where the purchaser must act in good faith. He should make the test required by the contract, and after fairly and candidly investigating and considering the matter, reach a genuine conclusion. To permit the purchaser to rely on

tests made by others similarly situated would not only do violence to the terms of the contract, but would inject into the case elements of confusion and uncertainty which the parties did not contemplate. Dissatisfaction with the blower system by others might be due to caprice, or to improper installation or operation, and all these questions would have to be taken into consideration in determining whether or not another purchaser was justified in refusing to pay for the articles because he had found them unsatisfactory. As before stated, the satisfaction or dissatisfaction referred to in the contract is that based on an actual trial made by the purchaser. As he must comply with his contract, and, therefore, act honestly in the matter of making the test himself, he cannot rely on the dissatisfaction of others similarly situated to escape the obligation which he voluntarily incurred. Water Heater Company v. Mansfield, 48 Vt., 378; Hollingsworth v. Colthurst, 78 Kan., 455, 96 Pac., 851, 130 A. S. R., 382, 18 L. R. A. (N. S.), 741; Thaler v. Wilhelm Greisser Const. Co., 229 Pa. St., 512, 79 Atl, 149, 33 L. R. A. (N. S.), 345; 6 R. C. L., sec. 333, page 952. Nor does the fact that the test would have involved expense affect the case, since that is an element which should have been considered before the contract was entered into. Having received the machinery and having failed to make the trial required by the contract within the time specified therein, defendant is liable for the purchase price, unless the other defenses interposed are sufficient to defeat a recovery. Kenney Co. v. Anderson, 81 S. W., 663, 26 Ky. Law Rep., 367; Forsythe v. Russell Co., 148 Ky., 490.

The court did not err in sustaining a demurrer to the second paragraph of defendant's answer, for the reason that there was no allegation that the collateral parol agreement relied on, which varied the terms of the written contract, was omitted therefrom by fraud or mistake. Castleman-Blakemore Company v. Pickrell & Craig Company, 163 Ky., 750, 174 S. W., 749.

The next question presented is the propriety of the court's action in sustaining a demurrer to the amended and supplemental answer. This pleading sets up a defense which it is alleged occurred after the filing of the original answer. The basis of the defense is the offer of the defendant to install the machinery if plaintiff would send a competent man to assist in the work, the

agreement of the defendant to withdraw its defenses and the agreement on the part of plaintiff to send a competent man, which it failed to do. We find, however, that though the two promises are set out in the pleading, the pleader is very careful to avoid alleging that the plaintiff's promise was made in consideration of the defendant's agreement to withdraw its defenses. In other words, the pleading fails to allege any consideration whatever for the promise. As plaintiff's rights under its contract had accrued at the time of the filing of the amended and supplemental answer and plaintiff was, therefore, entitled to recover, the promise made by plaintiff to send a man to install the machinery was without consideration and could not be enforced. It follows that the demurrer to the amended and supplemental answer was properly sustained.

The last question presented is whether or not the failure of plaintiff to comply with section 571 of the Kentucky Statutes prevents a recovery. That the plaintiff is engaged in, and that the transaction out of which this action grows, is one of interstate commerce there can be no doubt. The reply shows that the plaintiff is a Missouri corporation. It sells its blowers in the various States by means of traveling agents, who receive a commission on the sales made. The agent takes the order, the order is transmitted to the company for its approval and, when approved, the machinery is shipped to the purchaser. The mere fact that the agent inspects and measures the building and the place where the machinery is to be installed in no wise affects the character of the transaction. We have held that section 571 is void as to foreign corporations engaged strictly in interstate commerce and that such corporations are not criminally liable under that section for engaging in interstate transactions without complying with its provision. Commonwealth v. Hogan, 74 S. W., 737; Ryman Steamboat Company v. Commonwealth, 125 Ky., 253, 101 S. W., 403; Commonwealth v. Eclipse Hay Press Co., 104 S. W., 224; Commonwealth v. Baldwin, 29 R., 1074; Three States Buggy Co. v. Commonwealth, 105 S. W., 971. The ruling of the United States Supreme Court is to the same effect. In the recent case of Sioux Remedy Company v. Cope, 235 U. S., 197, the United States Supreme Court held the requirement that a foreign corporation appoint a resident agent on whom process may be served in the

action against it, as a condition precedent to suing in the courts of the State to collect a claim arising out of interstate commerce transactions, is an unconstitutional burden on interstate commerce. In discussing the question the court said:

"The second one, respecting the appointment of a resident agent upon whom process may be served, is particularly burdensome, because, as the Supreme Court of the State has said, it requires the corporation to subject itself to the jurisdiction of the courts of the State in general as a pre-requisite to suing in any of them; that is to say, it withholds the right to sue even in a single instance until the corporation renders itself amenable to suit in all the courts of the State by whosoever chooses to sue it there. If one State can impose such a condition, others can, and in that way corporations engaged in interstate commerce can be subjected to great embarrassment and serious hazards in the enforcement of contractual rights directly arising out of and connected with such commerce. As applied to such rights, we think the conditions are unreasonable and burdensome, and, therefore, in conflict with the commerce clause."

Inasmuch as we have held that non-compliance with section 571 prevents a corporation from recovering on a contract made in carrying on its business in this State —Oliver v. Louisville Realty Co., 156 Ky., 628—the effect of our construction of the statute is equally as burdensome on interstate commerce as the construction given by the Supreme Court of Dakota to the statute of that State referred to in the above opinion. It follows that section 571 of the Kentucky Statutes is inoperative as to interstate commerce transactions, and, therefore, does not prevent a recovery by plaintiff.

In view of the questions presented, the appeal is granted and an opinion written.

Judgment affirmed.