[Manchester Sawmills Co. v. A. L. Arundel Co.]

# Manchester Sawmills Co. *v*. A. L. Arundel Co.

## Assumpsit.

(Decided November 16, 1916.  73 South. 24.)

1. **Sales; Contract; Trial.**—Where the contract provided that should the goods sold prove unsatisfactory after a thorough trial for 30 days, they might be returned, the goods to be demonstrated free to the buyer, and subject to his approval, the provision for the free demonstration did not supplant the requirement for thirty days trial as a condition precedent to the return of the goods.

2. **Contract; Construction.**—All the provisions of a contract must be construed together so as to give harmonious operation to each of them so far as their language will reasonably permit.

3. **Sales; Right to Return; Waiver.**—Where the contract provides that the buyer might return the goods if after a thorough trial for 30 days they proved unsatisfactory, the retention of the goods by the buyer after the expiration of the trial period without a thorough trial having been made, and without notice of disapproval, forfeits the right to reject and return.

4. **Same; Rejection; Notice.**—Notice of rejection of goods bought from a corporation must be given to some agent of the corporation who had actual or apparent authority to receive it.

5. **Same; Action for Price; Defenses.**—Where the contract of sale authorized the buyer to return the goods after 30 days thorough trial, and the buyer either approved them or retained them without trial for more than the time allowed without notice of disapproval, the fact that the goods were worthless is no defense to an action for the price, and a plea alleging that fact is demurrable.

6. **Same; General Issue.**—Where the action was for a breach of contract to buy goods, and the contract required the seller to give a free demonstration to the buyer, a denial that such demonstration was given could be shown under the general issue, and no special plea was necessary.

7. **Same; Counter Claim; Plea.**—A plea by way of counter claim for storage of goods bought which shows no liability on the part of plaintiff to pay storage is insufficient.

8. **Same; Contract; Demonstration.**—Where the contract gave the buyer the right to reject the goods, if, after 30 days trial in accordance with directions furnished, the goods should prove unsatisfactory, and also required the seller to give free demonstration of the goods, the demonstration was intended to supplant the directions, and it is no defense to an action for the price of goods that no directions were furnished.

9. **Winesses; Competency; Transaction with Decedent.**—Where the action was against a corporation for the price of goods sold, a conversation between one of defendant's agents and the deceased salesman of plaintiff, was not admissible.   •

10. **Evidence; Varying Writing.**—Evidence of a conversation between one of defendant's agents and a salesman of plaintiff was not admissible to show a parol agreement different from the written contract of sale.

11. **Sales; Action for Price.**—Where the buyer keeps the goods after disapproval, and they were of some value, the seller can recover under the common count as for a quantum valebat, although it failed to show performance of all conditions precedent to recover under the contract of sale.

12. **Charge of Court; Applicability to Evidence.**—Where there was nothing before the jury requiring such a definition, the refusal of an instruction defining nominal damages was not error to reversal.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by the A. L. Arundel Company against the Manchester Sawmills Company for the price of goods sold. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals.

The action is on the common count for the price of merchandise and two special counts for breach of a contract by which defendant purchased of plaintiff 55 gallons of "Belt Life" at $2.50 per gallon. The contract is expressed by defendant's written order to plaintiff, and contains the following provision:

"This order is given and accepted with the express understanding and agreement that, should these goods prove unsatisfactory after a thorough trial by the purchaser in accordance with directions up to or within 30 days from date of delivery, the remaining quantity to be returned, and all charges on sales canceled. To be demonstrated at mills. See Mr. Lee or Mr. Jeffries. Demonstration free, and acceptance of goods subject to our approval."

Count A charges breach by defendant as follows:

"It has not paid for said goods as agreed therein. After a trial of 30 days that defendant failed to notify or return said goods within 30 days after said goods were demonstrated by plaintiff's agent to defendant's authorized agents. That defendant has not given the goods sold a trial according to the directions or demonstration made by plaintiff's agent on March 30, 1913."

Count B charges breach by defendant as follows:

"It failed to pay for said goods after receiving them, and keeping them in its possession more than 30 days after plaintiff had demonstrated said goods to defendant."

[Manchester Sawmills Co. v. A. L. Arundel Co.]

Besides the general issue and non indebitatus, defendant pleaded specially to each count:

(2) "That the demonstration by plaintiff's agent did not show the goods to be satisfactory to the defendant, and defendant did not accept said goods, and did not agree to pay for same." (3) "That the account sued on is for a quantity of 'Belt Life' which was worthless, and defendant did not agree to pay for it." (4) Repeating the allegations of plea 2, "and that plaintiff was notified that the goods were not shown satisfactory and defendant would not pay for same, but held them subject to plaintiff's order." (5) "That no demonstration was ever made by plaintiff at Manchester." (7) "That there was no consideration for the contract sued on." (8) "That the consideration failed, in that said 'Belt Life' was worthless."

Demurrers having been sustained to pleas 2, 3, 4, and 5 as answers to counts A and B, and to pleas 7 and 8 generally, defendant amended pleas 2, 3, 4, and 5 by adding the following:

"Defendant alleges that plaintiff did not furnish to defendant directions by which to make a thorough trial of the said 'Belt Life' as provided for in the contract and agreement under which the same was purchased, and defendant did not receive from plaintiff any directions on the use of said 'Belt Life.' Defendant further alleges that it requested plaintiff to make a demonstration of said 'Belt Life,' which plaintiff failed thereafter to do."

Demurrers were sustained to these amended pleas.

W. C. DAVIS, and A. F. FITE, for appellant. M. E. NETTLES, for appellee.

SOMERVILLE, J.—The proper construction of the contract sued on will determine most of the questions presented by the special pleas and demurrers, and also by the instructions refused to defendant.

(1) Defendant's theory of the contract is that the provisions for a free demonstration of the belt life, and that defendant's acceptance of the goods should be subject to defendant's approval, so qualified the other provisions of the contract that defendant never became liable until it approved the demonstration as satisfactory, and, further, that defendant was under no obligation to test the satisfactory quality of the goods by trial for 30

days, as a condition precedent to their rejection and return to the seller.

(2) This theory would completely destroy the meaning and effect of the preceding provision, which permits the rejection and return of the goods only "after a thorough trial by the purchaser up to or within thirty days from date of delivery." All the provisions of a contract must be construed together so as to give harmonious operation to each of them, so far as their language will reasonably permit. This is a common sense rule, and is based on the assumption that parties do not intend to say one thing to be immediately contradicted by another. In accordance with this rule, we think the provision that the acceptance of the goods was subject to defendant's approval can reasonably mean only that they were not bound to keep the goods unless they approved the goods as satisfactory, after the trial expressly provided for in a preceding part of the contract.

(3, 4) Very clearly, also, we think that defendant's retention of the goods, without a thorough trial of their merit, and without notice to plaintiff of its disapproval, after the lapse of the trial period, would work a forfeiture of the right to reject and return. And, of course, the notice of rejection must have been given to some agent of the plaintiff corporation who had actual or apparent authority to receive such notice for the corporation.

It results that pleas 2 and 4 were insufficient as answers to the special counts, and the demurrers were properly sustained.

(5) Pleas 3 and 8 were also bad, and subject to the demurrers assigned. The mere allegation that the goods were "worthless" is in no sense an answer to the complaint. If they were approved by defendant upon demonstration and trial, or were not disapproved and returned within a reasonable time thereafter, defendant was liable for the stipulated price. By the express provisions of the contract defendant itself was made the sole judge of the merit or worthlessness of the article, and if its judgment was bad it is without recourse upon the seller, in the absence of deceit or misrepresentation.

(6, 7) Pleas 5 and 6 deny that any demonstration of belt life was made by plaintiff at Manchester. This was but the general issue as to an essential allegation of the complaint, and required no special plea. Moreover, the undisputed evidence shows that a demonstration was in fact made at defendant's mill. If plea 6 be treated merely as a counterclaim, it is wholly insufficient, since it

shows no liability on the part of plaintiff to pay defendant for the storage of the goods. There was no error in the elimination of these pleas by demurrer.

(8) It is obvious that the "demonstration" provided for in the contract was intended to supply the direction for trial use by defendant. Hence the amendment of the several pleas by the added averment that no directions were given defendant by plaintiff adds nothing material, and was, indeed, inconsistent with other averments in pleas 2 and 4.

(9, 10) Defendant sought to elicit a conversation between one of its agents and Applebaum, the deceased salesman of plaintiff, in order to show a parol agreement different from the 30-day provision of the writing. Such an agreement was clearly incompetent for any purpose, even if it did not involve a transaction with a deceased agent of plaintiff. For either reason, the evidence was properly excluded.

(11) Although plaintiff may have failed to show the performance of all conditions precedent so as to authorize a recovery under counts A and B on the special contract, nevertheless, if defendant kept the goods after disapproval, and they were of any value to it (as the jury might have found under the evidence), plaintiff might have recovered under a common count as for a quantum valebat. This is a well-settled exception to the general rule invoked by appellant.—*Montgomery County v. Pruett*, 175 Ala. 391, 57 South. 823. Hence the refusal to charge the jury, "If you believe from the evidence that the plaintiff is not entitled to recover on counts A and B, you should find for the defendant," was not erroneous. Moreover, the several written instructions given at defendant's request deny any right of recovery at all unless plaintiff performed the conditions imposed by the special contract. ANDERSON, C. J., MAYFIELD and THOMAS, JJ., hold also that an instruction in this form may be refused as having a tendency to mislead or confuse the jury.

As already stated, the mere fact that the Belt Life was "worthless"—whatever that may mean in this connection—was not decisive of the result under the terms of the contract, and instructions so assuming were properly refused.

(12) There was nothing before the jury which required a definition of nominal damages, and such an instruction was refused without error.

[Wilkins v. Windham, et al.]

We find no reversible error in the record, and we think that the meritorious issues were submitted to, and fairly tried and determined by, the jury.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.