## The Western Silo Company v. Johnson, et al.

(Decided June 10, 1924.)

### Appeal from Hickman Circuit Court.

1. Commerce—Statute as to Assumed Names Does Not Apply to Interstate Commerce.—Ky. Stats., section 199b, prohibiting business in state under assumed name, unless names of true owners of business are filed, is inoperative as to interstate commerce.

2. Commerce—Shipment of Silos and Taking of Note from Agents Held "Interstate Commerce."—Where persons appointed as agents purchased silos, to be manufactured and shipped from another state, and silos were shipped to principal and then delivered, and note was executed and made payable in Kentucky, transaction was one of "interstate commerce," and Ky. Stats., section 199b, relating to doing business under assumed name, did not operate.

3. Contracts—Benefit to Promisor or Detriment to Promisee Consideration.—A promise is supported by sufficient consideration, if either any benefit moves to promisor or any detriment results to promisee.

4. Bills and Notes—Agreement of Payee of Note that it shall Not be Paid, Except in Particular Way, Without Consideration.—Promise of payee of note, containing unconditional promise to pay, that it shall not be paid, except by resale of article purchased by maker, is without consideration.

J. KELLY SMITH and GUY A. MILLER for appellant.

BENNETT, ROBBINS & ROBBINS and J. D. VIA for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Western Silo Company of Des Moines, Iowa, a partnership composed of John L. Martin and Charles V. Short, brought this suit against Jerry R. Johnson and Joe R. Johnson to recover on a promissory note for $1,-785.00, dated September 1, 1919, and payable on or before

September 1, 1920. One of the defenses was that plaintiff employed defendants as its agents to sell silos in the counties of Hickman and Fulton in this state, and agreed to pay the defendants a commission of fifteen per cent of the sale price; that, pursuant to said contract, the defendants ordered silos from plaintiff, which plaintiff shipped to itself at Clinton, and then turned over to defendants for the purpose of sale; that plaintiffs desired a writing to evidence the value of the silos, and on the 18th day of December, 1918, defendants executed their promissory note by which they promised and agreed to pay plaintiff $1,785.00 on or before September 1, 1919; that said note was delivered to plaintiff's agent in Clinton, Kentucky, and was made payable at Frankfort in the state of Kentucky; that after said note was signed and delivered, it was agreed that defendants were not to pay said note or any part thereof until they sold the silos and were not to be liable except for the amount of money received from the sale of the silos, that on September 1, 1919, they signed and delivered to plaintiff the note sued on, which was executed simply as a renewal of the first note; that after they signed and delivered the note sued on, it was also agreed between the defendant and the agent of plaintiff that no part of the note was to be paid until the silos were sold, and that they had never been able to sell the silos because plaintiff had fixed the price too high. A further defense was that plaintiff was carrying on business in this state in violation of sections 199b-1-5, which prohibit persons from conducting business in this state under an assumed name unless they shall file a certificate setting forth the name under which the business is to be conducted, and the true or real full names and postoffice addresses of the persons owning or conducting the business, and imposing a penalty for each day that such business is so conducted of not less than $25.00 nor more than $100.00, or imprisonment in the county jail for not less than ten days nor more than thirty days, or both such fine and imprisonment. In its reply plaintiff denied that it was engaged in doing business in the state of Kentucky, and pleaded in substance that the only business in which it was engaged was that of interstate commerce, and that the statute was invalid as applied to one engaged in such commerce. A demurrer was sustained to the reply and overruled as to the answer. Plaintiff having declined to plead further, the petition was dismissed. Plaintiff appeals.

The facts disclosed by the pleadings and exhibits may be summarized as follows: On October 6, 1918, the Western Silo Company appointed the defendants as its agents to sell silos and ensilage cutters in the vicinity of Hickman and Clinton counties exclusively for the season ending November 1, 1919, and agreed to pay them a commission of fifteen per cent. The contract further provided that orders should be taken on blanks furnished by the Western Silo Company and submitted to it for approval. On or about the 6th day of October, 1918, the defendants at Cairo, Illinois signed three written orders addressed to the Western Silo Company at Des Moines, Iowa, requesting that company to manufacture for and ship to them at Clinton, Kentucky, six silos, for the purchase price of which they agreed to execute and deliver to the company their promissory note payable September 1, 1919, without interest. These orders were forwarded from Cairo, Illinois, to Des Moines, Iowa, and were followed by shipments from Freeport, Louisiana, and Des Moines, Iowa, billed to the company at Clinton, Kentucky. On the arrival of the material at Clinton, the material was delivered to defendants, who executed their note for the purchase price payable at Frankfort, Kentucky. The note was not paid at maturity, but was renewed by the note sued on.

Appellees take the position that section 199b, Kentucky Statutes, was enacted for the purpose of protecting the citizens of Kentucky against fraud, and that being true, it was within the police power of the state, regardless of its effect on interstate commerce. We are not prepared to accept this view. We have held that section 571, Kentucky Statutes, requiring foreign corporations to maintain an agent in this state to receive service of process as a condition precedent to doing business therein is inoperative as to interstate commerce transactions in that it imposes an unreasonable burden on such commerce in conflict with the commerce clause of the Federal Constitution (Louisville Trust Co. v. Bayer S. S. B. Co., 166 Ky. 744, 179 S. W. 1034), and the ruling of the United States Supreme Court is to the same effect. Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 Sup. Ct. Rep. 57, 59 L. Ed. 193. Since those who offend against section 199b, Kentucky Statutes, are liable to both fine and imprisonment, and no contract made by them may be enforced in the courts (Hunter v. Big Four Auto Co., 162 Ky. 778, 173 S. W. 120), it is apparent at once that the latter stat-

ute is no less burdensome, and must be held to be inoperative as applied to interstate commerce transactions.

But the point is made that the business in which appellant was engaged was not interstate commerce, as it was actually engaged in carrying on business in this state through appellees as its agents. Whether appellant could have recovered on any contract made by appellees with some one else under their agency contract, it is unnecessary to inquire. The case turns on whether the particular transaction here involved was one of interstate commerce. The six silos for which the note was given were not purchased by others through appellees as agents, but were purchased by appellees themselves. The orders were sent to another state. The shipments were made from other states. As part of the contract of purchase appellees were to execute their note on the delivery of the silos. The silos were delivered and the note executed. That the silos were shipped to appellant and then delivered, or that the note was executed and made payable in Kentucky is wholly immaterial. These were simply steps relevant and appropriate to the interstate sale of the silos, and there can be no doubt that the transaction was one of interstate commerce. York Mfg. Co. v. Colley, 247 U. S. 21, 62 L. Ed. 963; United Iron Works v. Watterson Hotel Co., 182 Ky. 113, 206 S. W. 166; Larkin v. Com., 172 Ky. 106, 189 S. W. 3; Crutcher v. Kentucky, 141 U. S. 47, 11 Sup. Ct. 851, 35 L. Ed. 649. It follows that the failure of appellant to comply with section 199b was no defense to the action on the note, and that the demurrer to the reply should have been overruled. It is necessary also to decide whether that part of the answer pleading that after the execution of the renewal note appellant's agent and appellees agreed that no part of the note was to be paid until after the silos were sold presented a good defense. Appellees insist that a written contract may be varied by a subsequent oral agreement in all cases where the contract is not one required by law to be in writing, and that the consideration is sufficient if the thing agreed to is a benefit to the party promising, or a loss or detriment to the party to whom the promise is made. We need consider only the question of consideration. Of the general rule that a promise is supported by sufficient consideration if either any benefit moves to the promisor, or any detriment results to the promisee, there can be no doubt (Vanwinkle v. King, 145 Ky. 691, 141 S. W. 46); but the

case in hand is one where the payee of a note containing an unconditional promise to pay agrees that it shall not be paid except in a particular way. Therefore, the payee is the promisor, and the payor the promisee, and it is apparent that no benefit moves to the promisor, and no detriment results to the promisee. On the contrary, the only person benefited is the promisee. That being true, the promise or agreement is without consideration.

It follows that the demurrer to the plea of subsequent agreement should have been sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.