## Talbot v. Smith, et al.

(Decided November 17, 1925.)

### Appeal from Warren Circuit Court.

1. Commerce—Names—Recovery Cannot be had on Contracts of One Doing Business Under Assumed Name Without Filing Certificate, Unless Engaged in Interstate Commerce.—Engaging in business

in Kentucky, under assumed name, without filing certificate required under Ky. Stats., section 199b-1, held unlawful, and recovery cannot be had on contracts unless business engaged in is interstate commerce.

.2.   Commerce—Commerce Embraces Sale of Goods After Reaching Destination and while They are in Original Packages.—Where goods in one state were transported into another for purposes of sale, commerce did not end with transportation, but embraced as well sale of goods, after reaching destination, and while they were in original packages.

3.   Commerce—Immaterial Whether Transportation of Goods Incidental to Buying or Selling Comes First or Last.—If transportation of goods is incidental to buying and selling, it is immaterial whether it comes first or last.

4.   Commerce—Sale of Goods by Crew through Local Store Held Interstate Commerce.—Where contract was made for sale of aluminum ware by crew of salesmen, working through local store, and such goods were transported from another state for purpose of sale, and sales were made after goods reached destination, and were in original packages, entire transaction was one of interstate commerce.

JOHN L. STOUT for appellant.

GAINES & GARDNER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On April 23, 1923, the Southeastern Aluminum Company of Charlotte, North Carolina, and the Hill Hardware Company, a partnership of Bowling Green, Kentucky, entered into the following agreement:

"The Southeastern Aluminum Company agrees to furnish a crew of salesmen who, acting as agents of the undersigned merchants, will canvass the town to sell aluminum sets at $24.95 per set, on the club plan, $1.00 down and $1.00 a week.

"All orders will be submitted to the merchant for his O. K. prior to delivery, and will be subject to his verification after delivery, but the undersigned merchant agrees to accept at least 50 sets, provided they are sold by crew.

"The Southeastern Aluminum Company agrees to ship necessary sets to fill this contract at $16.95 per set, said sets to be paid for by four trade acceptances of equal amounts maturing in 30, 60, 90 and 120 days, or by check less 5 per cent discount.

"The undersigned merchant assumes the credit risk of all orders O. ·K.'d and delivered for his account, which includes the risk of verifying all deliveries and confirming customers' contracts AS TO SIGNATURES, terms of payment, etc.; in as much as it is hereby agreed that the transaction is closed upon the signing of check or acceptance, and that no subsequent claims will be allowed by the Southeastern Aluminum Company. The merchant will issue check or acceptances on completion of the deliveries in favor of the Southeastern Aluminum Company. All wares are guaranteed by the manufacturer against defective material and workmanship.

"It is understood that no verbal agreement adding to or modifying the terms of this contract shall be binding on either party, unless embodied herein."

Thereafter, George H. Talbott, who did business under the name of the Southeastern Aluminum Company, brought this action against W. Embry Smith and others, partners doing business under the name of Hill Hardware Company, to recover damages for a breach of the contract. In addition to other defenses the defendants pleaded that plaintiff was carrying on business in Kentucky under an assumed name without having filed the certificate required by section 199b, Kentucky Statutes. In his reply plaintiff denied that he was carrying on business in Kentucky under an assumed name, or at all, but pleaded that in making and carrying out the contract sued on he was engaged in interstate commerce. At the conclusion of the evidence the court directed the jury to find for defendants. Plaintiff appeals.

If plaintiff was engaged in carrying on business in this state under an assumed name without filing the required certificate, the business was unlawful and he could not recover on the contract. Hunter v. Big Four Auto Company, 162 Ky. 778, 173 S. W. 120. On the other hand, if plaintiff was engaged in interstate commerce, the statute is inoperative and he may recover. Western Silo Company v. Johnson, 203 Ky. 704, 262 S. W. 1093.

The facts are these: Appellant's place of business is at Charlotte, North Carolina. It makes contracts with local merchants like that made with appellees and then sends the goods from other states to fill the orders taken by the salesmen. The contract in this case was made on April 23, 1923. The aluminum sets were first shipped

from New Orleans to Lenore City, Tennessee, where appellant had a contract. Not being used there they were shipped to Pineville, where appellant had another contract for delivery to customers there. Having more sets than they could sell at Pineville, they were shipped to Bowling Green. The shipment remained in Pineville only for a few days. The shipment was in 50 lots. There were 51 packages that reached Bowling Green. There being one left over at Pineville, it was put in with the other 50. None of the packages were opened at Pineville, but the shipment was in the original packages when it reached Bowling Green. The shipment arrived in Bowling Green on June 14th. The crew of salesmen arrived about July 1st and began taking orders, which were to be filled from the sets that had already arrived.

In a case like this the decisions of the Supreme Court of the United States are controlling. The rule adopted by that court is that, where goods in one state are transported into another for purposes of sale, the commerce does not end with the transportation, but embraces as well the sale of the goods after they reach their destination and while they are in the original packages. In applying the rule no distinction is made between buying and selling, or between buying for transportation to another state and transporting for sale in another state. On the contrary, the rule is that if the transportation is incidental to the buying or selling it is immaterial whether it comes first or last. Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 66 L. Ed. 239. The evidence discloses that the goods were shipped from another state in fulfillment of the contract which appellant made with appellees and for the purpose of sale in this state in accordance with the terms of the contract. Soon after the goods reached Bowling Green, and while they were in the original packages, they were sold and delivered to purchasers pursuant to orders taken by the crew of salesmen. In other words, the case is one where the goods were transported for the purpose of sale and the sales were made after the goods reached their destination and while they were in the original packages. That being true, the entire transaction was one in interstate commerce. It follows that section 199b-1, Kentucky Statutes, is inoperative, and that appellees were not entitled to a peremptory instruction on the ground that it was violated by appellant.

On the issue whether or not the goods were defective in material or workmanship, the evidence was conflicting, and not of such a conclusive character as to authorize a peremptory instruction in favor of appellees.

Judgment reversed and cause remanded for a new trial consistent with this opinion.