# W. T. Rawleigh Company v. Wilson's Administrator, et al.

(Decided May 25, 1926.)

## Appeal from Leslie Circuit Court.

Principal and Surety—Obligation of Seller to. Sell and to Take Back Goods Held Sufficient Consideration to Support Promise of Buyer's Sureties to pay Balance Owing at Date of Execution of Contract.—Obligation of seller to sell products ordered and to take back goods returned during the current year held sufficient consid-' eration to support promise of buyer's sureties tó pay balance owing at date of execution of contract, though. seller ordered no goods in current year.

C. W. HOSKINS for appellant.

LEWIS & LEWIS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

The W. T. Rawleigh Company is an Illinois corporation located in the city of Freeport, Illinois, and doing an interstate commerce business in the state of Kentucky in this way: It ships to its customers goods upon orders sent to it from Kentucky, the goods being delivered on the cars at Freeport. Among its customers was J. R. Bowling, of Asher, Kentucky. It required its customers to sign a written contract and to give sureties that the customer would comply with the contract. It brought this suit against G. W. Wilson and Peter Wilson to recover a balance due it on the contract for 1921. The sureties answered, pleading, among other things, that the contract was without consideration. At the conclusion of the evidence for the plaintiff the circuit court peremptorily instructed the jury to find for the defendants. The plaintiff appeals. The contract is upon one sheet of paper and, so far as is material, is in these words:

"This contract, made and entered into at the city of Freeport, state of Illinois, by and between the W. T. Rawleigh Company, an Illinois corporation, hereinafter called the seller, and J. R. Bowling, of Asher, in the state of Kentucky, hereinafter called the buyer:

"Witnesseth: Whereas said buyer desires to purchase of the seller, at wholesale, such of its manufactured products as the seller shall hereafter determine to sell to the said buyer, the kind and quality of which is to be optional with the said seller;

"The seller agrees to sell and deliver to the buyer f. o. b. Freeport, Illinois, or at its option f. o. b. its branch houses or at any other point agreed upon, such of its products as hereinabove specified and at current wholesale prices, unless prevented by strikes, fires, accidents, or other causes beyond its control, the said buyer to furnish sign orders for such goods.

"The buyer agrees to pay said seller the invoice price for all products so purchased under this agreement, also any balance due the seller at the date of the acceptance of this renewal contract, by cash or by installment payments satisfactory to the seller, subject to the discounts as shown in current discount sheets and subject to paragraph 6 hereof.  .  .  .

"6.  It is hereby further agreed that either party may at any time before the expiration of this contract, by written notice, terminate this agreement, and when so terminated, the account then due and owing shall become immediately due and payable. If not so terminated, this agreement shall expire by limitation on the 31st day of December, 1921; and if buyer refuses and neglects to renew contract, the full amount due hereunder shall be due and payable promptly.

"It is further agreed that if dealings conducted hereunder are mutually agreeable and satisfactory, that a new contract may be entered into for the succeeding year, but the refusal on the part of the seller to enter into a new agreement shall not in anywise affect the agreement herein on the part of the buyer to pay his account.

"Seller agrees to purchase from buyer any products (wagons excepted) he may have on hand, and pay or credit buyer with the wholesale price current when they are received, provided buyer returns them during the life of contract or promptly after termination or expiration of same, and provided freight is fully prepaid to point seller designates said products

are to be returned; buyer to pay seller the actual expense of inspecting and overhauling same. . . .

"In witness whereof, the parties hereto have set their hands and seals, the seller in its corporate name by its president thereunto duly authorized, and its corporate seal hereunto affixed, and the said buyer in his own proper person.

"The W. T. Rawleigh Company,

By W. T. Rawleigh, President.

"Accepted Jan. 3, 1921,

at Freeport, Illinois.

(Seal)          (Signed)................"J. R. Bowling................
                              (Buyer Sign Here)

"For and in consideration of the sum of one dollar in hand paid, the receipt of which is hereby expressly confessed and acknowledged, or in consideration of the above named seller extending further credit to the said buyer, we, the undersigned, do hereby jointly and severally guarantee unto said the W. T. Rawleigh Company, the above named seller, unconditionally, the payment in full of the balance due or owing said seller on account, as shown by its books at the date of the acceptance of this contract of guaranty by the seller, and the full and complete payment of all moneys due or owing, or that may become due or owing said seller, and all indebtedness incurred by the buyer under the terms of the above and foregoing instrument by the buyer named as such therein, and to all of the terms, provisions and agreements contained in said instruments we fully assent and agree, hereby waiving notice of acceptance by the seller, of this contract of guaranty, and all notice of any nature whatsoever, and agree that the written acknowledgment by said buyer of the amount due or owing on his account, or that any judgment rendered against him for moneys due the seller, shall in every and all respects bind and be conclusive, jointly or severally, against the undersigned. . . .

"Responsible men sign this contract of guaranty below:

| Names | Occupations | P. O. Address |
|-------|-------------|---------------|
| (Signed) Peter Wilson (seal) | farmer | Asher, Ky. |
| (Signed) G. W. Wilson (seal) | merchant | Asher, Ky." |

The proof on the trial showed that Bowling had executed similar contracts to the Rawleigh Company for the years 1918, 1919, and 1920, but only the contract for 1921 was sued on. The proof also showed that Bowling had bought from the plaintiff goods amounting to $1,164.44, and had paid $183.75 and had returned goods amounting to $36.26, leaving a balance due the plaintiff $948.43. But none of the goods were purchased in the year 1921. The contracts for the other years were similar to the contract for 1921 in all respects and were all signed by Peter Wilson and G. W. Wilson as sureties. None of the goods were brought in the year 1921 and the sureties maintain that their promise to pay for the goods bought in previous years was without consideration, and this is the only question made on the appeal.

It will be observed that by the contract the Rawleigh Company agreed to sell and deliver to Bowling, during the year 1921, such of its products at current wholesale prices as the buyer furnished signed orders for and the buyer agreed to pay it the invoice price of all products so purchased, also any balance due the seller at the date of the acceptance of this renewal contract. The company also agreed to purchase from the buyer any products whatever on hand and credit the buyer with the wholesale current price therefor, provided the buyer returned them during the life of the contract or promptly after termination of the same. It will also be observed that by the sureties' contract it was agreed that in consideration of the company extending further credit to the buyer they guaranteed to the company the payment in full of the balance due by the buyer on account as shown by the sellers' books at the date of the acceptance of the contract and the full and complete payment of all indebtedness incurred by the buyer under the terms of the above instrument. There was ample consideration to support this contract although Bowling ordered no goods in the year 1921. The promise of the sureties is to pay not only for the goods he ordered under the contract but to pay also in full the balance due or owing by Bowling on account, as shown by the company's books at the date of the acceptance of the contract. By this contract the previous contract for the year 1920 was extended to cover the year 1921, and this obligation assumed by the company was sufficient consideration to support the promise of the sureties, for by the contract the company agreed not only to sell Bowling the goods he ordered at whole-

sale prices but it also agreed to take back at the same price such goods as he returned during the life of the contract. This was an obligation assumed by the company by virtue of the contract, and the rule is well settled that an obligation assumed by one party is sufficient consideration to support the promise of the other party. The promise of the company to do the things required of it by the contract was a sufficient consideration to support the promise of the other parties to the contract although Bowling ordered no goods in 1921. Carter v. Hall, 191 Ky. 75; Western Silo Co. v. Johnson, 203 Ky. 704; Farmers' Bank v. Williams, 205 Ky. 261.

"It is usually said that where there are mutual promises, one is the consideration for the other. The promises may be expressed in two separate agreements. Where the date and the subscribing witnesses of two agreements are the same, the presumption is, until evidence is adduced to the contrary, that one forms the consideration for the other. It is the promise, and not the performance thereof, that constitutes the consideration, except where by the terms or necessary intendment of the agreement between the parties, performance on one side is made a condition precedent to performance on the other." 6 R. C. L. p. 676, section 84.

Appellees cannot maintain that they are not bound for the payment of the amount then owing by Bowling, for the writing they signed in plain terms so provides, and they were in fact bound for the payment of the goods bought before and not paid for under their contracts for the previous years.

Judgment reversed and cause remanded for further proceedings consistent herewith.