141 So. 241

## NELSON v. BURNHAM.
### 6 Div. 92.

Supreme Court of Alabama.
April 14, 1932.

James S. Edson, of Birmingham, for appellant.

Chas. Denegre, of Birmingham, for appellee.

THOMAS, J.

The suit was on the common counts and for breach of contract. The material allegations of amended count 5 are: "The plaintiff claims of the defendant the sum of Three Hundred Twenty One & 70/100 Dollars as damages due by him for breach of contract made by the defendant with Dixie Metal Products Company, Inc., on December 5, 1927, under the terms of which the defendant purchased from the Dixie Metal Products Co., Inc., nine radiator cabinets, for use in the building of a home for defendant; that said radiator cabinets were to be paid for in cash by the defendant when said home was sold, and plaintiff alleges that said radiator cabinets were delivered to the defendant at said home and accepted by him and that said home was sold prior to the bringing of this suit," etc.

The following agreement of counsel of the respective parties appears of record:

"It is understood and agreed between J. S. Edson, as attorney for plaintiff, and Charles Denegre, as attorney for defendant, in the above styled cause as follows:

"1. That upon the trial of the above cause before the Hon. Richard V. Evans, Judge of said Court, the oral charge of said presiding Judge was not taken down before a Court Reporter, the attorneys for the respective parties having in open court waived their rights to the same.

"2. That the presiding Judge charged the jury that it was a question of fact for the jury to decide what was the contract between the parties and to determine upon what basis the minds of the respective parties met.

"3. That the presiding Judge also charged the jury that although the testimony showed that the house referred to in the contract was sold through mortgage foreclosure proceedings prior to the time the suit was instituted, such a sale was not as a matter of law within the contemplation of the parties at the time of the making of the contract."

The judgment was for defendant; hence the appeal.

A photostatic copy of the contract in evidence contains the words written thereon: "It is agreed that these cabinets will be paid for in cash when the house is sold, or a 2% discount will be allowed if purchaser pays for cabinets within ten days after installation. It is also agreed that Brooke Burnham will not make any special arrangements with the purchaser of the house to the effect that they shall take over these cabinets and trade with the Dixie Metal Products Co. Inc."

And the president of plaintiff company testified without objection, that "these radiator cabinets were delivered to defendant. * * * That under the terms of the written contract the cabinets were to be paid for when the house was sold;" and then the order with the foregoing indorsement thereon was offered in evidence by plaintiff, and the rights of the seller were duly transferred and assigned to plaintiff before suit brought. This, in substance, was plaintiff's evidence; no question being raised as to the sales price.

The defendant-purchaser testified that he purchased the cabinets from the Dixie Metal Products Company, and told them "that I would buy them and pay for them when I sold the house"; that he was "interested in building along with others at that time"; that the salesman agreed to these terms; that he received the cabinets and they were satisfactory; that he owes the money and it is not yet due "because he has not been successful in selling the house, although he has made frequent efforts to do so"; that the "house in which the cabinets. were placed was sold through foreclosure proceedings prior to the institution of this suit, that he no longer owns the house but has a statutory right of redemption in the premises."

The witness Jones testified: "The house was sold several months ago through foreclosure proceedings. We listed the property with Jemison & Company but were unable to make a sale of the same and when a default occurred in the payment of the mortgage indebtedness against the house, foreclosure proceedings were instituted by the mortgagee, who bid in the property at the sale."

And witness Smith testified, as a salesman for Jemison & Co., that Burnham listed the house in question with them and they were not "able to effect a sale," that there was foreclosure sale some months before the trial, and the premises were purchased by the mortgagee, under the powers in the mortgage, and that this was before the institution of this suit.

The contract did not stipulate how the house was to be sold, but it was in contemplation of the parties that payment should be made when defendant parted with title. This event has been accomplished by operation of the contract and mortgage title, and the debt accrued as between Nelson and defendant. It was defendant's duty to protect the title against foreclosure; and comes within the influence of Manchester Sawmills Co. v. A. L. Arundel Co., 197 Ala. 505, 73 So. 24.

A contract in writing, clear and free from ambiguity, embodying all its terms as the final repository of the common intentions of the parties—of a reasonable time of performance and an absolute contract for payment, and not a conditional agreement for payment—speaks for itself. Thomas v. Irvine, 171 Ala. 332, 55 So. 109; Louisville & N. R. Co. v. Williams, 5 Ala. App. 615, 56 So. 865, 59 So. 673; section 2137, Page's Contracts; volume 5, Page's Contracts, § 4563.

See, also, Crass v. Scruggs & Co., 115 Ala. 258, 264, 266, 22 So. 81, 82, where Mr. Chief Justice Brickell said:

"* * * That a contract must be read and interpreted as a whole. All its provisions and stipulations must be regarded, and it is the duty of the court to consider the relations of the parties, their connection with the subject-matter, and the circumstances under which it was made. And the construction must make the whole consistent, giving all the parts due weight. Pollard v. Maddox, 28 Ala. 321; Comer v. Bankhead, 70 Ala. 136; Mason v. Ala. Iron Co., 73 Ala. 270. * * *

"The stipulation speaks of payment and of the time of payment; not of nonpayment nor in avoidance of the duty of paying. Any other construction would render the contract inharmonious in its several parts,—would place this stipulation in antagonism to the absolute engagement of the defendant to make payment of the compensation."

There was error in refusing the plaintiff's request for general affirmative instructions. The judgment of the circuit court is therefore reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.