Rowe, J.
This is an action of contract for goods sold and delivered, the plaintiff’s declaration being in the form of an account annexed for the amount of the purchase price and interest thereon. The trial judge found for the defendant. The plaintiff claims to be aggrieved by the denial of the following request for ruling (which in view of our conclusion is the decisive material request). “2. The evidence would not warrant the court in finding for the defendant.”
The primary facts are not in dispute.
The main contention of the defendant is (as stated in his brief) that “there was no evidence that title had passed to the defendant as the character of the transaction was that of a delivery of goods on approval, trial or satisfaction and *156 that there was no evidence of anything other than disapproval by the defendant and refusal to take title. ’ ’
The facts are that the defendant executed the following order:
SPECIAL TRIAL ORDER
UNIVERSAL REFINING PRODUCTS CO., INC. 1133 Broadway, New York City.
Customer’s Order No. Date January 1, 1941
Name Small’s Dairy
Address Old Horse Neck Rd., 50 Westport, Mass.
% Drum 200 lbs. SCALENEMY Dry Water & Metal Treatment @ 21 per lb.
% Drum 375 lbs. Killrust “Rust’s Greatest Foe” Well Water @ 25 per lb.
CONDITION COVERING SPECIAL OFFER
(1) We are to have 4 months test to start about Feb. 1st in which to try out this product ending 19
(2) If material is not satisfactory, we agree to notify you by letter at the expiration of the trial period, and no charge will be made for the portion used during the test and the balance is held subject to the UNIVERSAL REFINING PRODS. CO. INC. order.
(3) We agree, upon receipt of material, to use same according to directions sent by the UNIVERSAL REFINING PRODS. CO. INC., ENGINEERING DEPARTMENT, AND FILL OUT AND RETURN REPORT WHEN REQUESTED:
(4) The above embraces all conditions of sale, and ANY FURTHER AGREEMENTS TO BE RECOGNIZED MUST BE INCORPORATED ON BOTH THE ORIGINAL AND DUPLICATE OF THIS ORDER.
Firm Name Small’s Dairy
Per (Signed) R. T. Small Buyer
Salesman (Signed) Q. Lymax
“Sample”
*157 The plaintiff delivered the goods and sent the directions called for by the order. By letter dated Nov. 4, 1941 the defendant wrote the plaintiff.
“I am in receipt of the 200 lbs. Scalenemy Dry and % drum millrust sent on trial. I have decided it will be necessary for me to return same. After considering cost of same I have come to the conclusion that it is rather expensive for me to use. I am therefore not opening it to sample but am shipping it back by freight. ’ ’
Within the required four months the defendant did attempt to return the goods. Although such return was refused by the plaintiff, the defendant did all that was necessary if the statements in the above quoted letter were sufficient to justify a return.
The case at bar constitutes a sale on satisfaction within Gr. L. c. 106 sec. 21, rule 3, clause 2. But it will be noted that it is not a contract providing for an unrestricted satisfaction. By its terms the defendant was to have four months in which to test the property and to use it in accordance with directions and then if the material was not satisfactory to notify the plaintiff and hold the balance of the goods subject to the plaintiff’s order.
The test was not made and there is no evidence that the materials themselves were not satisfactory for the desired purpose.
The defendant attempted to express dissatisfaction in his letter, relative to a matter beyond the scope of the limited satisfaction provided for in the contract. See Louisville Trust Co. v. Bayer Soot Blower Co., 166 Ky. 744, 179 S. W. 1034, Manchester Saw Mill Co. v. G. L. Arundel, 197 Ala. SOS, 73 So. 24.
The attempted return of the goods being based on a reason other than provided in the contract was no expression of the limited right of dissatisfaction provided by the con *158 tract and was of no effect. The defendant had no right to change his mind because of his thoughts as to expense.
The time within which defendant had this right to return the goods under the circumstances provided for in the contract or to express dissatisfaction as therein provided having expired without such action as was provided in the contract, title to the goods passed to the defendant. Gf. L. C. 106 S. 21 rule 3 clause 2 paragraph (A).
The defendant raises a question of pleading. But title to the goods having passed prior to suit, the action, as here, may be declared on by an account annexed. Morse v. Sherman, 106 Mass. p. 430. There being no evidence to justify a finding for the defendant on the above claimed defense, there was error in denying the plaintiff’s second request that the evidence would not warrant a finding for the defendant, the finding for the defendant should be vacated and a finding entered for the plaintiff for $128.25 (the purchase price) plus interest from May 1,1941. So ordered.