KENNEDY, Justice
(dissenting).
I respectfully dissent. In my view, the majority errs in construing the “exception” of “normal wear and tear excepted” and in its error virtually nullifies the express “rule” under the will that the widow “shall maintain and keep the [house] in good condition and repair.”[1]
It is well settled that a court’s interpretation of a will is guided by the testator’s intent. Gafford v. Kirby, 512 So.2d 1356, 1360 (Ala.1987). The testator’s intent controls the construction of a will, and “[i]t is the *925 Court’s duty to carry out the testator’s intention where that intent can be ascertained.” Galin v. Johnson, 457 So.2d 359, 362 (Ala. 1984).
If the widow is relieved under the “normal wear and tear” exception from any and all maintenance as to matters related to normal wear and tear, which she says includes periodic exterior painting and re-roofing, the requirement that she “shall maintain and keep the [house] in good condition and repair” is a virtual nullity. Given common knowledge of houses and the passage of time, it cannot reasonably be said that the widow can both “maintain and keep” the house in “good condition and repair” and neglect any and all matters related to “normal wear and tear.”
Neither the trial court or the majority addresses this critical point; they do not attempt to reconcile the two phrases in issue, but emphasize and illustrate the meaning of “normal wear and tear excepted.”
A court must endeavor to reconcile potentially conflicting provisions in a will, if a reasonable construction harmonizing the provisions is possible. See Smith v. Smith, 387 So.2d 134, 136 (Ala.1980). As to an analogous rule in the contract law context, this Court has stated: “This is a common sense rule, and is based on the assumption that parties do not intend to say one thing to be immediately contradicted by another.” Manchester Sawmills Co. v. AL. Arundel Co., 197 Ala. 505, 508, 73 So. 24, 26 (1916).
Consistent with the goal of reconciling the language in a will, i.e., giving broad consideration to the testator’s intent, the phrase “normal wear and tear excepted” should not be read as negating the requirement that the widow “shall maintain and keep the [house] in good condition and repair,” if these two phrases are reasonably susceptible of a harmonizing construction.
The only harmonizing construction advanced on appeal is that of the children, and I agree with them that the language in issue is reasonably susceptible of the construction they advance. As the children argue, the phrase “normal wear and tear excepted” (following the deceased’s requirement that the widow “shall maintain and keep the [house] in good condition and repair”), is reasonably construed as permitting usual and insignificant deterioration of the house that will occur through time and use (notwithstanding reasonable routine maintenance and repairs). In short, the widow is required to do what is necessary to keep and maintain the house in what is a “good” condition, and, in determining what is a “good” condition, need not consider changes insignificant to its overall condition that will occur as the house ages; in other words, she must keep the house in a good condition for its age.[2]
Based on the foregoing, I would hold that the trial court erred in entering a judgment for the widow.

. The present condition of the house, as suggested by the majority, is the result of a lack of routine maintenance, evidently since 1979, rather than the result of normal changes that one could expect in an older home notwithstanding routine maintenance.